IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO - EASTERN DIVISION

| | | |
|---|---|---|
| Glimcher Company LLC, | : | |
| | : | Judge _____ |
| and | : | |
| | : | |
| Ety Village LLC, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | Case No. 2:09-cv-797 |
| | : | |
| The Shops at Ety Village LLC, | : | |
| | : | |
| and | : | **JURY DEMAND INCLUDED** |
| | : | |
| Jordan Ray, | : | |
| | : | |
| and | : | |
| | : | |
| Ari Maryles, | : | |
| | : | |
| and | : | |
| | : | |
| Trimensions, Inc., | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

For its causes of action against Defendants The Shops at Ety Village LLC, Jordan Ray, Ari Maryles, and Trimensions, Inc., Plaintiffs Glimcher Company LLC and Ety Village LLC aver as follows:

### Jurisdiction and Venue

1. Pursuant to 28 U.S.C. § 1331 and § 1367(a), jurisdiction in this Court is based on the federal causes of action in the Complaint and supplemental jurisdiction for the remaining state law claims.

2. Venue is appropriate in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District. Further, Defendant The Shops at Ety Village LLC resides in the District.

## Parties

3. Plaintiff Glimcher Company LLC ("Glimcher") is an Ohio limited liability company with its principal place of business located at 150 E. Broad St., Columbus, Ohio.

4. Plaintiff Ety Village LLC ("EV") is an Ohio limited liability company with its principal place of business located at 150 E. Broad St., Columbus, Ohio.

5. Defendant The Shops at Ety Village LLC ("TSEV") is an Ohio limited liability company with its principal place of business in Lancaster, Ohio. TSEV's agent for service of process is Charles Daroff, 6120 Parkland Boulevard, Suite 1100, Cleveland, Ohio 44124.

6. Defendant Trimensions, Inc. ("Trimensions") is an Illinois corporation located at 8170 North McCormick Blvd., Suite 108, Skokie, IL 60076. Trimensions' agent for service of process is Michael Z. Margolies, 4709 W. Golf, Suite 475, Skokie, IL 60076.

7. Defendants Jordan Ray and Ari Maryles are the founders and managing members of TSEV. Upon information and belief, Defendants Jordan Ray and Ari Maryles also are the principals and owners of Trimensions. Upon information and belief, Jordan Ray and Ari Maryles are Illinois residents whose business address is 8170 North McCormick Blvd., Suite 108, Skokie, IL 60076.

## The sale of securities in Defendant TSEV

8. EV owned real property and buildings known as "The Shops at Ety Village" in the City of Lancaster, Ohio (the "Shopping Center"), which was developed as a retail shopping

center. Herbert Glimcher was the managing member of EV, and also is the managing member of Plaintiff Glimcher.

9. On or about August 26, 2008, EV entered into a Letter of Intent (the "LOI") to sell the Shopping Center to Trimensions, which is attached as Exhibit A.

10. On or about August 26, 2008, EV also entered into a side agreement with Trimensions to pay Trimensions a fee for "consulting services" of $209,500 if EV and Trimensions entered into a Purchase Agreement and a closing occurred in accordance with the terms of the Purchase Agreement (the "Consulting Agreement), which is attached as Exhibit B. Neither Trimensions, Jordan Ray, nor Ari Maryles ever performed any consulting services for EV.

11. On or about September 26, 2008, EV entered into an Agreement for Sale and Purchase to sell the Shopping Center to Trimensions (the "Purchase Agreement"), which is attached as Exhibit C. Defendant Jordan Ray is the president of Trimensions. The Purchase Agreement provided that Trimensions would purchase the Shopping Center for $7,300,000. The Purchase Agreement also provided for a 21-day inspection period for Trimensions to conduct its due diligence on the property.

12. Shortly after executing the Purchase Agreement, Trimensions, through Defendants Jordan Ray and Ari Maryles, told Herbert Glimcher that they would exercise their right to terminate the Purchase Agreement unless he invested $600,000 in a new limited liability company that would be created to own the Shopping Center. Even though Trimensions would receive $209,500 pursuant to the Consulting Agreement, neither Trimensions, Jordan Ray, nor Ari Maryles would be investing any money in the limited liability company. Defendants Jordan Ray and Ari Maryles then created TSEV effective September 29, 2008 and filed articles of

organization for TSEV with the Ohio Secretary of State on September 30, 2008. Plaintiff Glimcher was not interested in investing in the Defendant TSEV, but continued to negotiate with Defendants as Mr. Glimcher wanted to sell the Shopping Center.

13. At the time of its creation, TSEV owned no assets and had no value. Defendants Jordan Ray and Ari Maryles were given 20% of the ownership of TSEV and were made the managing members to procure investors in TSEV.

14. On or about October 21, 2008, EV and Trimensions entered into an Amendment to the Purchase Agreement extending the inspection period until November 10, 2008.

15. Defendants continued to demand that Plaintiff Glimcher invest in Defendant TSEV. Defendants made oral and written representations that, in exchange for investing $600,000, Plaintiff Glimcher would receive a 32.54% membership interest, issued in the form of Class B Units of the Defendant TSEV. Defendants further represented that the net profits of Defendant TSEV would first be distributed to the Class B members in proportion to their Class B shares in an amount equivalent to 10% of the initial capital contributions made by the Class B members. Once the Class B members had received 10% of their initial capital contributions, net profits would then be distributed to the Class A members up to an equivalent of 2% of the initial capital contributions made by each of the initial Class B members. If there were any remaining profits, the Class A members and Class B members were to share those profits in proportion to their respective percentage interest in TSEV. These representations were included in the Operating Agreement for Defendant TSEV. The Operating Agreement is attached as Exhibit D.

16. The TSEV Operating Agreement that Defendants sent to Plaintiff Glimcher for review further represented that the other members of TSEV were to be Defendants Jordan Ray and Ari Maryles, who each would have a 10% membership interest issued in the form of Class

A units of Defendant TSEV. Future investors would be Class B shareholders, with the total of the Class A and B units equaling 100% of the TSEV membership interests. The Operating Agreement for TSEV provided that Jordan Ray and Ari Maryles were the managing members and could only be removed upon consent of the Class A and Class B members. As Jordan Ray and Ari Maryles were the only Class A members, and no further Class A members were contemplated, they could never be removed as the managing members of Defendant TSEV without their consent.

17. Defendants Jordan Ray and Ari Maryles did not invest any money in Defendant TSEV to obtain their 20% Class A membership interest in TSEV. Rather, Article 7, paragraph 5 of the Operating Agreement provided that "Managing Members Jordan Ray and Ari Maryles are obtaining membership interest in the Company (represented by Class A shares of interest as reflected in the Company's record) in exchange for their services on behalf, and for the benefit, of the Company and its formation and procurement of investors, and its acquisition of certain real estate in Lancaster, Ohio." In addition to receiving the 20% membership interest in TSEV, Defendant Trimensions would directly receive, and Defendants Jordan Ray and Ari Maryles, through their ownership of Trimensions would indirectly receive, $209,500 pursuant to the Consulting Agreement. Defendants Jordan Ray and Ari Maryles did not intend to and have not managed the day-to-day operations of TSEV, but rather hired a manager that is paid from TSEV operating funds.

18. Defendants further represented that the offering for Defendant TSEV complied with Ohio and federal securities laws.

19. Even with Plaintiff Glimcher's agreement to purchase a 32.54% membership interest in Defendant TSEV for $600,000, Defendants still claimed that the transaction could not

close and demanded that Plaintiff Glimcher loan Defendant TSEV additional funds. Eventually, Plaintiff Glimcher agreed to loan TSEV $85,000 at no interest, with repayment due on December 1, 2009. See attached Exhibit E.

20. On or about November 10, 2008, EV and Trimensions entered into a Second Amendment to the Purchase Agreement whereby Trimensions assigned its interest in the Purchase Agreement to Defendant TSEV, which agreed that it would not terminate the Purchase Agreement and would close the transaction. See Exhibit F.

21. On or about December 1, 2008, the transaction finally closed, whereby Ety Village LLC sold the Shopping Center to Defendant TSEV, Plaintiff Glimcher invested $600,000 in TSEV for a 32.54% membership interest in TSEV, Plaintiff Glimcher loaned Defendant TSEV $85,000, and Trimensions was paid $209,500 pursuant to the Consulting Agreement. The Purchase Agreement and Amendments, the Operating Agreement for Defendant TSEV, and the Promissory Note are attached to this Complaint as Exhibits C, D, and E.

<u>**The material misrepresentations**</u>

22. Defendants did not sell Plaintiff Glimcher Class B units in Defendant TSEV and the Operating Agreement was a material misrepresentation. Despite Defendants' representations that Plaintiff Glimcher was purchasing Class B units in TSEV for $600,000, Plaintiff Glimcher did not receive any Class B units in TSEV for its $600,000 investment.

23. Upon information and belief, several months ago, Defendant TSEV, through its managing members, Defendants Jordan Ray and Ari Maryles, allocated profits and made a distribution to all of the Class B members as well as all of the Class A members of TSEV. Plaintiff Glimcher, however, has not received any distribution of any kind from TSEV.

24. Plaintiff Glimcher has demanded that Defendant TSEV make the distribution to Plaintiff Glimcher as required under the Operating Agreement and the Defendants' representations. Defendants have refused to make any distributions to Plaintiff Glimcher and have told Plaintiff Glimcher that it should forgo its distribution, but have not offered any basis for this position. As the Defendants refuse to pay Plaintiff Glimcher the distributions of a Class B member, it is clear that Defendants sold Plaintiff Glimcher something other than Class B units in Defendants TSEV. Plaintiff Glimcher would have received a distribution as a Class B member pursuant to the Operating Agreement if it owned Class B units in TSEV. Plaintiff Glimcher's investment in the purported TSEV units is worthless as Defendants refuse to pay distributions to or recognize Plaintiff Glimcher as a Class B unit member.

25. Despite Defendants' representations that that the offering would comply with Ohio and federal securities laws, the offering did not. Defendant TSEV has not made any filings of any kind with either the Ohio Division of Securities or the Securities and Exchange Commission, nor has it qualified for any exemptions.

26. By receiving up to 20% of the membership interests in TSEV for procuring investors, Defendants Jordan Ray and Ari Maryles were indirectly paid a commission, discount, or other remuneration in violation of Ohio securities law. Further, Trimensions, a company controlled by Defendants Jordan Ray and Ari Maryles, was paid $209,500 for no reason other than the transaction closed, which is a direct commission, discount, or other remuneration to Trimensions and an indirect commission, discount, or other remuneration to Defendants Jordan Ray and Ari Maryles in violation of Ohio securities law. Defendants Jordan Ray, Ari Maryles, and Trimensions were not registered dealers or salespersons with the Ohio Division of Securities. Further, the aggregate commission, discount, and other remuneration paid indirectly

to Defendants Jordan Ray, Ari Maryles, and Trimensions exceeded 10% of the initial offering price.

27. Defendants Jordan Ray, Ari Maryles, and Trimensions are "Dealers", as defined by Ohio Revised Code §1701.01(E) and §3 of the 1934 Securities Act. Defendants sold securities to Plaintiff Glimcher as defined in the Ohio Blue Sky Law, R.C. 1707.01, et al. and for purposes of the 1933 and 1934 Securities Act, but have not registered as Dealers with the Ohio Division of Securities or the Securities and Exchange Commission. Defendants also sold securities to other investors in Defendant TSEV at some period after December 1, 2008. Upon information and belief, there are approximately five or six additional investors in Defendant TSEV, all of whom own Class B membership units.

28. Plaintiff Glimcher invested $600,000 in an offering that did not comply with state and federal securities laws and did not receive any Class B units that it was represented by Defendants that it would receive.

## **FIRST CLAIM FOR RELIEF**
**(Ohio Revised Code § 1707.43)**

29. Plaintiffs incorporate their previous allegations as if realleged herein.

30. The membership interests in Defendant TSEV are a security, as defined by Ohio Revised Code §1707.01(B). Defendant TSEV is an "Issuer", as defined by Ohio Revised Code §1707.01(G). Defendant TSEV sold Plaintiff Glimcher securities as the terms are defined in Ohio Revised Code §1707.01. The securities are not exempt under R.C. 1707.02, and the transaction was not exempt under R.C. 1707.03.

31. Defendants Jordan Ray, Ari Maryles, and Trimensions are not licensed as dealers or salespersons as required by Ohio law, but they directly and/or indirectly received a commission, discount, or remuneration for the sale of the units in Defendant TSEV. Defendants

Jordan Ray and Ari Maryles received 20% of the units in Defendant TSEV as a commission, discount, or remuneration in connection with the sale of the securities, which exceeds 10% of the initial offering price. Further, Trimensions, a company controlled by Jordan Ray and Ari Maryles, received $209,500 for no reason other than the transaction closed. Defendant Trimensions was directly paid, and Defendants Jordan Ray and Ari Maryles were indirectly paid a commission, discount, or other remuneration in that amount.

32. The sale of the units of Defendant TSEV could not be sold in Ohio pursuant to R.C. 1707.06. Even if the security did comply with R.C. 1707.06 and could be sold in Ohio, TSEV did not comply with the registration requirements of R.C. 1707.08 and R.C. 1707.11.

33. While Plaintiff Glimcher does not believe that federal law pre-empts any portion of this cause of action, even if there is pre-emption under NSMIA, 15 U.S.C. §77r, the notice filings requirement of the State of Ohio, pursuant to Ohio Revised Code Chapter 1707, remain applicable as do the dealer registration requirements. Defendants have not made any notice filings with the Ohio Division of Securities nor have they registered as dealers. The securities were thus sold to Plaintiff Glimcher in violation of Chapter 1707.

34. Defendants sold Plaintiff Glimcher securities in TSEV in violation of numerous sections of Chapter 1707 of the Ohio Revised Code. Pursuant to R.C. 1707.43, the sale should be voided, and the Defendant TSEV must return the purchase price of $600,000 invested by the Plaintiff Glimcher, plus interest and costs.

### SECOND CAUSE OF ACTION
### (Ohio Revised Code §1707.14 and §1707.43)

35. Plaintiffs incorporate their previous allegations as if realleged herein.

36. Defendants Jordan Ray, Ari Maryles, and Trimensions acted as a "Dealer" as defined by Chapter 1707 of the Ohio Revised Code, but were not licensed as dealers by the Ohio Division of Securities.

37. A commission discount or other remuneration was directly and/or indirectly paid to Defendants Jordan Ray, Ari Maryles, and Trimensions in connection with the sale of the securities. Neither Jordan Ray nor Ari Maryles invested any money in Defendant TSEV, but they directly or indirectly received up to 20% of the membership interests of Defendant TSEV for procuring investors. Further, Trimensions, a company controlled by Jordan Ray and Ari Maryles, received $209,500 for no reason other than the transaction closed. Defendant Trimensions was directly paid and Defendants Jordan Ray and Ari Maryles were indirectly paid a commission, discount, or other remuneration in that amount

38. The securities sold by Defendants to Plaintiff Glimcher are not covered by Ohio Revised Code §1707.03(B)-(L), (O)-(R), and (U)-(Y). Further, the securities could not be sold pursuant to Ohio Revised Code §1707.06.

39. Upon information and belief, Defendants Jordan Ray, Ari Maryles, and Trimensions have not complied with the federal laws referred to in R.C. 1707.142. Defendants Jordan Ray and Ari Maryles controlled and continue to control TSEV.

40. Pursuant to R.C. 1707.14 and 1707.43, the sale is void, and Defendants are jointly and severally liable to Plaintiff Glimcher for the purchase price, plus interest and costs, and for damages caused by their actions in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
(Ohio Revised Code §1707.41 and §1707.43)

41. Plaintiffs incorporate their previous allegations as if realleged herein.

42. Defendants orally and in writing represented to Plaintiff Glimcher that they were selling it securities that complied with state and federal law and that Plaintiff Glimcher was specifically purchasing Class B Units in TSEV. Defendants further represented that these Class B units would receive distributions on an equal basis with other Class B unit owners in TSEV. These representations were material to the transaction, and Plaintiff Glimcher would not have purchased the units otherwise.

43. The above material representations were false, which Defendants knew when they made them, and were made with an intent to deceive, manipulate and defraud Plaintiff Glimcher. Defendants had no intention of ever paying Plaintiff Glimcher any distributions even though representations had been made that Plaintiff Glimcher would receive distributions as a Class B unit owner. Defendants sold Plaintiff Glimcher securities that were not Class B units and that did not comply with state and federal securities laws. Defendants had continually changed the agreed-upon purchase of the Shopping Center and delayed the closing by continually demanding that Plaintiff Glimcher put more money into the deal to induce them to close the transaction, first by demanding that Plaintiff Glimcher purchase the securities at issue in this case, and then further demanding that Plaintiff Glimcher make an additional $85,000 loan at no interest. Defendants knew they controlled the distribution process for TSEV and knew they could manipulate it to ensure that Plaintiff Glimcher received nothing, which they did.

44. Plaintiff Glimcher relied on Defendants' material misrepresentations and has incurred damages due to Defendants in the amount of $600,000 for the investment in securities that are not Class B Units and that do not comply with Ohio and federal securities laws.

## FOURTH CAUSE OF ACTION
### (Negligent or Intentional Misrepresentation)

45. Plaintiffs incorporate their previous allegations as if realleged herein.

46. Defendants orally and in writing represented to Plaintiff Glimcher that they were selling it securities that complied with state and federal law and that Plaintiff Glimcher was specifically purchasing Class B Units in TSEV. Defendants further represented that these Class B units would receive distributions on an equal basis with other Class B unit owners in TSEV. These representations were material to the transaction, and Plaintiff Glimcher would not have purchased the units otherwise.

47. The above material representations were false, which Defendants knew when they made them, and were negligently or intentionally made with an intent to deceive, manipulate and defraud Plaintiff Glimcher. Defendants had no intention of ever paying Plaintiff Glimcher any distributions even though representations had been made that Plaintiff Glimcher would receive distributions as a Class B unit owner. Defendants sold Plaintiff Glimcher securities that were not Class B units and that did not comply with state and federal securities laws. Defendants had continually changed the agreed-upon purchase of the Shopping Center and delayed the closing by continually demanding that Plaintiff Glimcher put more money into the deal to induce them to close the transaction, first by demanding that Plaintiff Glimcher purchase the securities at issue in this case, and then further demanding that Plaintiff Glimcher make an additional $85,000 loan at no interest. Defendants knew they controlled the distribution process for TSEV and knew they could manipulate it to ensure that Plaintiff Glimcher received nothing, which they did.

48. Plaintiff Glimcher relied on Defendants' material misrepresentations and has incurred damages in an amount in excess of $600,000, plus interest and costs. Defendants are jointly and severally liable to Plaintiff Glimcher. Upon information and belief, Defendants acted with malice and are liable for punitive damages and attorneys fees.

## FIFTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

49. Plaintiffs incorporate their previous allegations as if realleged herein.

50. Defendants owed Plaintiff Glimcher and Plaintiff EV a fiduciary duty.

51. Defendants have breached this fiduciary duty by their actions as alleged in this Complaint.

52. These breaches of fiduciary duty have caused Plaintiffs Glimcher and EV damages in an amount in excess of $809,500, plus interest and costs, to be proven at trial. Upon information and belief, Defendants acted with malice and are liable for punitive damages and attorneys fees.

## SIXTH CAUSE OF ACTION
### (Breach of Contract by Trimensions)

53. Plaintiffs incorporate their previous allegations as if realleged herein.

54. Plaintiff EV and Trimensions entered in the Consulting Agreement. Pursuant to the Consulting Agreement, EV paid Trimensions $209,500.

55. Trimensions breached the Consulting Agreement as described throughout this Complaint. Plaintiff EV was damaged by Trimensions' breach in an amount in excess of $209,000, plus interest and costs.

## SEVENTH CAUSE OF ACTION
### (Unjust Enrichment)

56. Plaintiffs incorporate their previous allegations as if realleged herein.

57. Plaintiff Glimcher conferred a benefit on Defendants by investing $600,000 in what was purported to be Class B Units of TSEV.

58. Plaintiff EV conferred a benefit on Defendants by paying Trimensions $209,500 for what was purported to be consulting services.

59. Defendants knew of the benefit that Plaintiffs conferred on them.

60. Defendants have retained the $809,500 under circumstances where it would be unjust for them to retain that benefit without returning the $809,500 to Plaintiffs, due to Defendants' actions as described throughout this Complaint.

## EIGHTH CAUSE OF ACTION
### (Section 5 and 12 of the 1933 Securities Act, 15 U.SC. §§ 77e and 77l)

61. Plaintiffs incorporate their previous allegations as if realleged herein.

62. The membership interests in TSEV are securities, Defendant TSEV was an issuer, and Defendants sold securities to Plaintiff Glimcher as the terms are defined in Section 2 of the 1933 Securities Act. The securities were not exempted securities under Section 3 of the 1933 Securities Act, nor was this an exempted transaction under Section 4 of the 1933 Act. The securities were not registered pursuant to Section 6 of the 1933 Securities Act.

63. Defendants sold unregistered securities in violation of Section 5 of the 1933 Securities Act.

64. Pursuant to Section 12 of the 1933 Act, Defendant TSEV is liable to Plaintiff Glimcher for the $600,000 paid for the units in TSEV, with interest. Defendants Jordan Ray and Ari Maryles controlled Defendant TSEV. Defendants are jointly and severally liable.

## NINTH CAUSE OF ACTION
### (Section 10 and Rule 10b-5 of the 1934 Securities Act)

65. Plaintiffs incorporate their previous allegations as if realleged herein.

66. Defendants orally and in writing represented to Plaintiff Glimcher that they were selling it securities that complied with state and federal law and that Plaintiff Glimcher was specifically purchasing Class B Units in TSEV. Defendants further represented that these Class B units would receive distributions on an equal basis with other Class B unit owners in TSEV.

These representations were material to the transaction, and Plaintiff Glimcher would not have purchased the units otherwise.

67. The above material representations were false, which Defendants knew when they made them and were made with an intent to deceive, manipulate and defraud Plaintiff Glimcher. Defendants had no intention of ever paying Plaintiff Glimcher any distributions even though representations had been made that Plaintiff Glimcher would receive distributions as a Class B unit owner. Defendants sold Plaintiff Glimcher securities that were not Class B units and that did not comply with state and federal securities laws. Defendants had continually changed the agreed-upon purchase of the Shopping Center and delayed the closing by continually demanding that Plaintiff Glimcher put more money into the deal to induce them to close the transaction, first by demanding that Plaintiff Glimcher purchase the securities at issue in this case, and then further demanding that Plaintiff Glimcher make an additional $85,000 loan at no interest. Defendants knew they controlled the distribution process for TSEV and knew they could manipulate it to ensure that Plaintiff Glimcher received nothing, which they did.

68. Plaintiff Glimcher relied on Defendants' material misrepresentations and has incurred damages due to Defendants in the amount of $600,000 for the investment in securities that are not Class B Units and that do not comply with Ohio and federal securities laws. Defendants Jordan Ray and Ari Maryles controlled Defendant TSEV. Defendants are jointly and severally liable.

### TENTH CAUSE OF ACTION
**(Alternative claim for relief – Breach of Contract)**

69. Plaintiffs incorporate their previous allegations as if realleged herein.

70. In the alternative, if Plaintiff Glimcher was sold Class B units of Defendant TSEV, it is a creditor of for unpaid distributions pursuant to Ohio Revised Code §1705.11.

15

71. Defendant TSEV is in breach of contract for failing to make a distribution to Plaintiff Glimcher. Plaintiff Glimcher has been damaged by this breach in the amount of its proportional share of the profits, which amount will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendants as following: (1) for a judgment voiding the sale of the securities, (2) for judgment ordering the return of the $600,000 purchase price plus interest and costs, and (3) for damages in an amount in excess of $809,500 to be proven at trial, plus punitive damages and attorneys' fees.

## JURY DEMAND

Plaintiffs demand a trial by jury on any issue triable of right by a jury.

Respectfully submitted,

_____
Jeffrey G. Rupert (0064906) Trial Attorney
Catherine F. Lacho (0082700)
FROST BROWN TODD LLC
One Columbus – Suite 2300
10 West Broad Street
Columbus, OH 43215-3467
Telephone: (614) 464-1211
Facsimile: (614) 464-1737
jrupert@fbtlaw.com
clacho@fbtlaw.com
Attorneys for Plaintiff Glimcher

COLLibrary 2892402.0522390 207998v1